IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**RICHARD B. WEDDELL,**

    Petitioner,

vs.
                                        **CASE NO. 5:04cv396-RS/WCS**

**JAMES CROSBY,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This is a petition for writ of habeas corpus filed by Richard B. Weddell pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his conviction for dealing in stolen property in violation of FLA. STAT. § 812.019(1), in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case number 98-2434H. Respondent filed an answer, doc. 8, and the state record, doc. 9. Petitioner filed a traverse, doc. 10. Respondent concedes that this petition was timely filed and that state court remedies were exhausted as to the four claims presented.

**Section 2254 Standard of Review**

For claims which were properly exhausted and adjudicated in state court, this court's review is limited. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2); 321 F.3d at 1322 (citing the statute). Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748 , 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 404-406, 120 S.Ct. 1495, 1519-1520, 146 L.Ed.2d 389 (2000); Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citing Williams). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings of the Supreme Court, but decisions of lower federal courts may be considered to the extent

that they demonstrate how those courts applied Supreme Court precedent. Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850.

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850. Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

**Ground one**

Petitioner contends that the Florida Standard Jury instruction on possession of recently stolen property created an unconstitutional shift of the burden of proof in violation of due process. In the traverse, Petitioner argues that the instruction "constitutes a constitutionally impermissible mandatory rebuttable presumption . . . ." Doc. 10, p. 2. It is assumed that Petitioner means that the instruction creates a mandatory presumption that cannot be rebutted.

Petitioner's due process claim was rejected by the Florida Supreme Court long ago. Edwards v. State, 381 So. 2d 696 (Fla. 1980). The threshold question for this sort of claim is to determine the nature of the presumption described in the jury instructions.

Sandstrom v. Montana, 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979). There must be "careful attention to the words actually spoken to the jury" because the constitutional issue "depends upon the way in which a reasonable juror could have interpreted the instruction." *Id.*, citing Ulster County Court v. Allen, 442 U.S. 140, 157-159 and n. 16, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979).

"The elements of dealing in stolen property are trafficking or endeavoring to traffic in property that the defendant knows or should have known was stolen." State v. Crider, 625 So. 2d 957, 959 (Fla. 5th DCA 1993), citing M.L.K. v. State, 454 So. 2d 753 (Fla. 1st DCA 1984). At Petitioner's trial, the court instructed the jury that:

> . . . proof of possession of property recently stolen *unless satisfactorily explained gives rise to an inference* that the person in possession of the property knew or should have known that the property had been stolen.

Doc. 8, p. 13, citing doc. 9, Ex. A, Record on Appeal, Vol. III, pp. 118-119 (emphasis added). Immediately after this instruction, the court said:

> The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the information through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. . . . The defendant is not required to present evidence or prove anything.

*Id.*, p. 119.0

Webster's Third New International Dictionary (1986, Unabridged), defines "inference" (as used here) as "something that is inferred: deduction," especially "a proposition or conclusion arrived at by inferring." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1986, Unabridged), p. 1158. To "infer" is "to derive by reasoning or implication: conclude from facts or premises." *Id.*

The instruction here plainly uses the noun "inference" as a proposition subject to rebuttal, rather than a conclusion that cannot be rebutted. That is made so by the qualifying phrase "unless satisfactorily explained." Indeed, the Florida Supreme Court has repeatedly construed this instruction as creating only a permissive inference.

> A presumption of law is conclusive, and leaves nothing to the jury; while a presumption of fact may be rebutted by facts and circumstances adequate to the purpose. Hence the rule that the possession of goods recently stolen is prima facie evidence of guilt, which, if unexplained, may justify the jury in a verdict of guilt, is one which comes under the class of presumptions of fact, not of law, but which the law authorizes the jury to consider as conclusive, if in their judgment there is nothing in the character of the party or the circumstances of the case to lead to a different opinion, or to create a reasonable doubt of guilt.

Young v. State, 24 Fla. 147, 150-151, 3 So. 881, 882 (1888). *See also*, Edwards, 381 So. 2d at 697 (finding that the jury was not compelled to find a defendant guilty on this instruction even if the defendant failed to present any evidence); Walker v. State, 896 So. 2d 712, 717 (Fla. 2005), quoting State v. Young, 217 So. 2d 567, 570 (Fla. 1968) ("The rule [unexplained possession of recently stolen goods] does not create a presumption of law . . . . It is simply a rule relating to circumstantial evidence from which the jury has the right to infer guilt of larceny . . . .").

The Florida instruction is functionally equivalent to the instruction found to be constitutionally permissible in Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). In that case, the District Court had instructed the jury that:

> [p]ossession of recently stolen property, *if not satisfactorily explained*, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

412 U.S. at 839-840, 93 S.Ct. at 2360 (emphasis added).  The Court found that this instruction did not offend due process.  412 U.S. at 846, 93 S.Ct. at 2363.  While the jury instruction in <u>Barnes</u> used the phrase "may . . . draw the inference," which more clearly establishes the permissive nature of the inference, and also used other permissive qualifiers,[1] the critical qualifier, allowing the inference to be explained away, is common to both.[2]  Further, the Middle District of Florida has rejected this precise due process claim.  <u>Rock v. Crosby</u>, 2005 WL 1939211 (M.D. Fla. 2005) (excerpt from opinion attached).  This court, therefore, should find that the state court's adjudication of the merits of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

**Ground Two**

Petitioner contends that the same jury instruction constituted impermissible judicial comment upon the evidence.  The Florida Supreme Court has held that this instruction is not an impermissible judicial comment on the evidence.  <u>Walker</u>, 896 So. 2d at 720.  The Court reasoned that to hold otherwise would lead to the elimination of other permissible inferences in Florida criminal law.  *Id.*, n. 4.

---

[1] The next paragraph of the instruction in <u>Barnes</u> advised the jury that they were "never required to make this inference," and it was their exclusive province to determine whether any inference was warranted.  412 U.S. at 840 n. 3, 93 S.Ct. 2360 n. 3.

[2] This is easily distinguished from the instruction in <u>Sandstrom</u>, that "*the law presumes* that a person intends the ordinary consequences of his voluntary acts."  442 U.S. at 513, 99 S.Ct. at 2453 (emphasis added).  There the Court pointed out that "the common definition of 'presume' [is] 'to suppose to be true without proof.' "  442 U.S. at 517, 99 S.Ct. at 2455.

Case No. 5:04cv396-RS/WCS

The only relevant issue for this court, however, is the federal due process claim. There is no federal constitutional provision precluding a trial judge from commenting on the evidence.  *Cf.* United States v. Thayer, 204 F.3d 1352, 1355 (11th Cir. 2000) (a federal district judge may comment on the evidence.); United States v. Wallace, 32 F.3d 921, 928 (5th Cir. 1994), citing United States v. Hawkins, 661 F.2d 436, 450 (5th Cir., Unit B,1981), *cert. denied sub. nom.*, Valdes v. United States, 459 U.S. 832, 103 S.Ct. 72, 74 L.Ed.2d 71 (1982).[3]  Improper comments may constitute error, but a comments are improper only if "substantial and prejudicial to the defendant's case."  Wallace, 32 F.3d at 928.  The due process issue is whether the judicial comments "have rendered [the] trial fundamentally unfair."  Buckelew v. United States, 575 F.2d 515, 518 (5th Cir. 1978).  The due process bar is set quite high.[4]

The instruction here is not a judicial comment on whether there was evidence that the property had been stolen, or if stolen, whether it was recently stolen.  It is not a comment on whether there was evidence that Petitioner possessed the property.  It is simply a direction to the jury to guide its evaluation of all of the evidence.

There is nothing fundamentally unfair about the inference itself, as the Supreme Court explained in Barnes.  It is "deeply rooted in our law," and has been so for

---

[3] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981, and of Unit B of the former Fifth Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981); Stein v. Reynolds, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

[4] For example, where the due process claim involves the exclusion of trial evidence, "[a] defendant's right to a fair trial is violated when the evidence excluded is material in the sense of a crucial, critical, highly significant factor."  United States v. Hurn, 368 F.3d 1359, 1363 (11th Cir. 2004), quoting United States v. Ramos, 933 F.2d 968, 974 (11th Cir.1991).

centuries. 412 U.S. at 843, 93 S.Ct. at 2362. It has been a part of Florida law since at least 1888. Of course, a person might come into possession of recently stolen property quite innocently, as where he or she paid fair market value to someone presumptively trustworthy, such as a dealer in the goods purchased, but the instruction permits evidence of that sort to dissipate the inference. In summary, the state court's adjudication of the merits of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Ground Three**

Petitioner contends that the prosecutor improperly argued facts not in evidence when he argued that Petitioner knew the property (a DeWalt electric grinder) was stolen because he stole it. See Doc. 9, Ex. B, p. 41 (claim as articulated on direct appeal). The particular argument at issue is the following:

> I submit to you that the evidence before you is the defendant stole it. He went out there to work that night. Diep Nguyen left it in front of the bow [of the boat]. Glennco Insulation was working 105 feet away. The defendant was there. He took it one of the two nights when he first started working there and he turned around and sold it to the Trading Post. That's how he knew it was stolen. I submit to you that's how the state has proven the second element.

Doc. 9, Ex. A, pp. 104-105.

The due process standard here is the same as ground two. Prosecutorial argument does not constitute reversible error unless the argument renders the trial so fundamentally unfair as to amount to a denial of due process, or unless the statement so prejudices another specific constitutional right, such as the privilege against self-incrimination, as to amount to denial of that specific right. Donnelly v. DeChristoforo,

416 U.S. 637, 643-645, 94 S.Ct. 1868, 1871-1872, 40 L.Ed.2d 431 (1974). As reiterated by the Eleventh Circuit:

> To find prosecutorial misconduct, a two-element test must be met: "'(1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant.'" *United States v. Gonzalez*, 122 F.3d 1383, 1389 (11th Cir.1997) (quoting *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir.1991)); *see also United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir.1995). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome [of the trial] would be different." *United States v. Hall*, 47 F.3d 1091, 1098 (11th Cir.1995) (citing *Kennedy v. Dugger*, 933 F.2d 905, 914 (11th Cir.1991)). The court makes this determination in the "'context of the entire trial and in light of any curative instruction.'" *United States v. Chirinos*, 112 F.3d 1089, 1098 (11th Cir.1997) (quoting *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir.1996)); *Thomas*, 62 F.3d at 1343 (curative instruction may render prejudicial remark harmless).

United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998).

It is proper for counsel to make arguments in closing that are reasonably inferred from the evidence presented. United States v. Vargas, 583 F.2d 380, 385 (7th Cir. 1978). The inferences must be fair comment, and not akin to the presentation of new evidence. United States v. Tucker, 820 F.2d 234, 237 (7th Cir.1987).

The evidence at trial, while circumstantial, was sufficient to support an argument that Petitioner himself stole the grinder. Summarizing from Petitioner's statement of the evidence in his initial brief on direct appeal, a DeWalt 7" electric grinder was purchased by Eastern Shipbuilding Group for $158 and placed into service at that company's warehouse on July 20, 1998. Doc. 9, Ex. B, p. 3 (initial brief on appeal). Diep Nguyen, a welder for Eastern Shipbuilding, checked out the grinder at some time in the months before September 21, 1998, but he could not remember the day. *Id.*, pp. 5-6. On the day Nguyen checked the grinder out to use it, employees of Glennco (another

contractor) were working about 500 feet away.  *Id.*, p. 6.  Nguyen left the grinder on the bow of a boat that night.  *Id.*  When he returned to work the next morning, the grinder was gone and he reported this loss to his supervisor.  *Id.*

Petitioner began working at the Eastern Shipbuilding site for Glennco Construction on Monday, August 3, 1998.  *Id.*  On Wednesday, August 5, 1998, Petitioner pawned the grinder for $75.[5]  *Id.*, p. 7.  Petitioner told the pawn shop clerk that he had had the grinder for "a while."  *Id.*  Petitioner presented his driver's license and a fingerprint when he pawned the grinder.  *Id.*

Petitioner testified that he bought a grinder for $50 outside the gate at Eastern Shipbuilding from someone he did not know.  *Id.*, pp. 9-10.  He placed into evidence a receipt from someone named "Jack Ward" and said he got the receipt from Ward when Ward sold the grinder to him.  *Id.*, p. 9.  On cross examination, he said he asked for the receipt to be on the "safe side."  *Id.*, p. 10.  The supervisor at Eastern is James Ward, and he does not use the name "Jack."  *Id.*, p. 4.  Petitioner was impeached with evidence that he had been convicted of 14 felonies and two misdemeanors involving dishonesty or a false statement.  *Id.*, p. 9.  Petitioner said he first produced the receipt in March, 1999, about seven months after he began work at the Eastern Shipbuilding site.  *Id.*, p. 11.

Thus, the grinder had to have been stolen between July 20, 1998, and shortly before August 5, 1998.  Nguyen was not able to recall when he left the grinder on the

---

[5] It was not disputed that the grinder that Petitioner pawned had the same serial number as the grinder owned by Eastern Shipbuilding Group and was in fact the same grinder.

Case No. 5:04cv396-RS/WCS

bow of the boat, but it could have been on August 3rd, 4th, or 5th.[6]  Petitioner had the opportunity to steal it on or after August 3, 1998, when he came to work.  The argument that Petitioner knew the grinder was stolen because he was the person who stole it, therefore, was a fair comment on the evidence and did not deprive Petitioner of a fundamentally fair trial.  Consequently, the state court's adjudication of the merits of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

**Ground Four**

Petitioner contends that by asking him when he first produced the receipt for the purchase of the grinder, the prosecutor improperly commented upon his right to remain silent.  The closing argument highlighted the fact that Petitioner delayed for months before coming forward with the receipt.

It is not improper comment upon the right to remain silent for the prosecutor to make "explicit an inference that the jury could have drawn from the evidence."  United States v. Campbell, 223 F.3d 1286, 1290 (11th Cir. 2000), *cert. denied*, 534 U.S. 829 (2001).  The jury reasonably could have noted the delay in producing the receipt and concluded that the receipt was forged.  Further,

> It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details.  *See Rogers v. United States*, 340 U.S. 367, 373, 71 S.Ct. 438, 95 L.Ed. 344 (1951).  The privilege is waived for the matters to which the witness testifies, and the scope of the "waiver is determined by the scope of relevant

---

[6] It is judicially noted that August 3, 1998, was a Monday.

Case No. 5:04cv396-RS/WCS

cross-examination," *Brown v. United States*, 356 U.S. 148, 154-155, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958).

<u>Mitchell v. United States</u>, 526 U.S. 314, 321, 119 S.Ct. 1307, 1311-1312, 143 L.Ed.2d 424 (1999). Thus, the state court's rejection of this federal claim has not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

**Conclusion**

Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus filed by Richard B. Weddell pursuant to 28 U.S.C. § 2254, challenging his conviction for dealing in stolen property in violation of FLA. STAT. § 812.019(1), in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case number 98-2434H, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on January 12, 2006.

<u>s/    William C. Sherrill, Jr.    </u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**
**Attachment (2005 WL 1939211)**

M.D. Florida.
Rudolph James ROCK, Petitioner,
v.
James CROSBY, etc.; et al., Respondents.
No. 3:03-CV-719-J-20MMH.

Aug. 10, 2005.

Rudolph James Rock, Daytona Beach, FL, pro se.

Bryan G. Jordan, Attorney General's Office, Tallahassee, FL, for Respondents.

*ORDER*
*I. Status*

SCHLESINGER, J.

**\*1** Petitioner, an inmate of the Florida penal system who is proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. # 1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on August 25, 2003. He challenges his March 6, 2000, state court (Duval County) conviction for dealing in stolen property on the following grounds: (1) the trial court erred in instructing the jury on the principal theory; (2) the trial court committed fundamental error in instructing the jury that possession of recently stolen property gives rise to an inference that the Petitioner knew the property was stolen; (3) the trial court erred in using a case in which the prosecution had entered a nolle prosequi in calculating his sentence under the guidelines; (4) Petitioner's appellate counsel was ineffective for failing to argue that the trial court was biased against Petitioner; and, (5) Petitioner's appellate counsel was ineffective for failing to argue that the prosecutor, in closing argument, violated the "Golden Rule." [FN1] Petition at 9A.

> FN1. "A 'golden rule' argument asks the jurors to place themselves in the victim's position, asks the jurors to imagine the victim's pain and terror or imagine how they would feel if the victim were a relative." *Hutchinson v. State,* 882 So.2d 943, 954 (Fla.2004) (per curiam) (citing *Pagan v. State,* 830 So.2d 792, 812-13 (Fla.2002)).

On November 6, 2003, Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. # 7) (hereinafter Response). Petitioner's Traverse Response to State's Answer to Petition for Writ of Habeas Corpus (Doc. # 9) was filed on December 1, 2003. On September 9, 2004, Petitioner filed supplemental authority in support of ground three of his Petition. *See* Supplement Petition of Habeas Corpus (Doc. # 14). This case is now ripe for review.

*II. Procedural History*

On February 15, 2000, after a trial by jury, Petitioner was found guilty of one count of dealing in stolen property. Ex. [FN2] C at 329. On March 6, 2000, the trial court adjudicated

Petitioner guilty and sentenced him as a habitual felony offender to a term of twenty-three years of imprisonment. Ex. B.

> FN2. The Court hereinafter refers to the exhibits submitted with the Response as "Ex."

On direct appeal, Petitioner's appellate attorney raised the following two issues:

*ISSUE I*
THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON THE PRINCIPAL THEORY, LEADING TO AN UNRELIABLE VERDICT.

*ISSUE II*
THE TRIAL COURT COMMITTED FUNDAMENTAL ERROR IN INSTRUCTING THE JURY THAT POSSESSION OF RECENTLY STOLEN PROPERTY GIVES RISE TO AN INFERENCE THAT THE PERSON IN POSSESSION KNEW THE PROPERTY WAS STOLEN.
Ex. E at i.

\*       \*       \*

*B. Ground Two*

Petitioner claims that the trial court committed fundamental error in giving the following instruction to the jury:
> And finally, still under this category, proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property was stolen.

Ex. C at 315. He contends the instruction impermissibly led the jury to believe that the inference was mandatory rather than permissive, violating his right to due process of law by shifting the burden of proof from the prosecution to the defense.

The Court finds this claim to be without merit. *See Barnes v. United States,* 412 U.S. 837, 841-46, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973) (finding that where the evidence established that the defendant possessed recently stolen treasury checks payable to persons he did not know and there was no plausible explanation for such possession consistent with innocence, the traditional common-law inference arising from possession of recently stolen goods satisfied the reasonable doubt standard and comported with due process).

**\*9** Even assuming the instruction shifted the burden of proof to the defense, that circumstance "does not automatically require reversal of an otherwise valid conviction; it is subject to the harmless error analysis under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)." *Collins v. Zant,* 892 F.2d 1502, 1506 (11th Cir.), *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 180 (1990). Here, the evidence showing that Petitioner knew the lawn equipment was stolen was so overwhelming that the jury did

not have to rely on the allegedly erroneous instruction in convicting the Petitioner. In all of his inculpatory statements to the police, which were admitted into evidence at trial, the Petitioner either acknowledged that he had personally stolen the items or that he had witnessed the theft. Thus, any error in giving this instruction was clearly harmless.

 Finally, Petitioner raised this claim on direct appeal, and the First District Court of Appeal per curiam affirmed the judgment of conviction. Thus, this claim was rejected on the merits by the state appellate court. Clearly, the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, the Petitioner is not entitled to relief on the basis of this claim.

*          *          *